UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  CR# 03-10362 PBS

SEAN D. STARK

### MOTION IN LIMINE PURSUANT TO SIMMONS V. UNITED STATES

Now comes the defendant, Sean D. Stark, and moves this Honorable Court to enter an order precluding the government from using testimony of Mr. Stark, which may be given by Affidavit or Oral Testimony at the Suppression Hearing to be scheduled by this Court, as evidence at trial. As grounds therefore, the defendant states the following, as well as relying on the facts and law set forth in the Motion to Suppress and accompanying Memorandum of Law and Fact, the contents of which are incorporated by reference herein.

1. The defendant is named in an Indictment which is pending before this Court.

2. The Supreme Court held in Simmons v. United States that "When a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." 390 U.S. 377, 394 (1968). In reaching this holding, the Court acknowledged that a defendant who knows that his testimony at a suppression hearing may be admissible against him at trial may be deterred from presenting a valid Fourth Amendment claim. See id. Noting that a defendant would be faced with the dilemma of whether or not to give up a valid Fourth Amendment claim or to waive his Fifth Amendment privilege against self-incrimination, the court

in Simmons found that it is "intolerable that one constitutional right should have to be surrendered in order to assert another." Id.

3. In the present case, the defendant may wish to testify at the Suppression Hearing before this Court. He does wish to submit an Affidavit in support of his Motion. He therefore asks that the Court grant him use immunity under Simmons v. United States as to any testimony he gives at that hearing or by Affidavit, and that the immunity extend to the use of any testimony by Mr. Stark in the indictment pending before this Court.

Wherefore, the defendant requests that this Honorable Court order that any evidence submitted by Mr. Stark, either as testimony or by affidavit, be inadmissible against him at trial.

Respectfully Submitted,
Sean D. Stark,
By his attorney,

Date: March 30, 2004

Melvin Norris
260 Boston Post Road, Suite 9
Wayland, MA 01778
(508) 358-3305
MA BBO# 373900

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Assistant United States Attorney Cynthia W. Lie by hand on this date.

Date: _____

Melvin Norris