UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

CR# 03-10362 PBS

SEAN D. STARK

### DEFENDANT SEAN D. STARK'S MOTION TO SUPPRESS AND REQUEST FOR HEARING

Now comes the defendant and moves this Honorable Court to Suppress Evidence seized from him on October 22, 2003, after the RV the defendant was riding in was stopped by police for an alleged motor vehicle violation. This stop, search and the circumstances surrounding it are in violation of the Fourth Amendment to the United States Constitution, and therefore all evidence arising from this violation should be suppressed. In support of his motion, the defendant states the following:

1.  The defendant was riding in a Motor home on October 22, 2003, eastbound on Interstate 44 in Missouri, at approximately noon.

2.  The Recreational Vehicle (RV) was driven by Christopher Sugar, but Mr. Stark had the written authorization to borrow and use the RV, which was given to him by a friend.

3.  The RV was stopped by a Deputy Carmelo Crivello, operating a marked police car. After the stop, Deputy Crivello approached the motor home. He asked for the driver's license of Mr. Sugar, and returned to his vehicle to "run the license." The officer remained in his car for more than a minute.

4.  The Deputy returned to the RV, and informed the occupants that he stopped the RV because he thought the driver had been drinking, but did not perform any field sobriety tests. He then stated that "what I'm looking for is narcotics," and asked if he could search the motor home.

5. Both parties responded no. Mr. Stark had a clear privacy interest in the RV, because he was the one who "borrowed" the RV, was present in the RV at the time of the stop, and denied consent to search the vehicle.

6. The Deputy then took the driver, Mr. Sugar, back to his patrol car for more than 5 minutes to question him. After five minutes or so had passed, Mr. Stark walked back to the patrol car to ask how much longer we would be held there. The officer informed me we would be held there until a canine unit arrived.

7. More than five minutes after that, the canine unit arrived, and was accompanied by several plainclothes officers. The "trainer" walked the dog around the vehicle more than four times. The dog repeatedly pulled the trainer down the hill, and was not focusing on the motor home. At one point during the walking around, the dog became aroused.

8. At no point during this encounter did officers get a warrant to search the RV. On approximately the fourth trip around the motor home, the dog barked at the front door to the motor home. The dog had been wandering around near the motor home for about 2 minutes.

9. After the dog barked at the door, the officers entered the vehicle without asking either Mr. Stark or Mr. Sugar for permission to enter the vehicle.

10. After they had been in the vehicle a short time, they emerged and requested that Mr. Stark unlock a closet. He informed them he did not have the key to the closet, and that it was closed since the two parties left Arizona.

11. The officers forced the closet door open, and allegedly recovered a large amount of marijuana, together with a firearm.

12. The dog never went into the motor home.

13. After Mr. Stark's arrest, one of the officers who was with the canine unit informed him that the officer who pulled me over was paid to pull over vehicles searching for narcotics.

14. The officer did not have reasonable suspicion that a crime was being committed which would allow him to stop the RV in the first place.

15. The officer did not have reasonable suspicion that a crime was being committed which would allow him to detain the defendant until a canine unit could be summoned to the scene.

16. The deputy's actions in detaining Mr. Sugar and Mr. Stark was unconstitutional based upon the totality of the circumstances, and therefore the evidence seized as a result of the search must be suppressed.

Wherefore, the defendant, Mr. Starks, requests that all evidence seized or gained because of the Deputy's unlawful stop of his vehicle and/or detention of the defendant be suppressed, and ruled inadmissible in the trial of this matter. Where the only evidence in this matter was the contraband seized from the RV, the indictment should therefore be dismissed.

A hearing is requested on this motion.

Date: March 30, 2004

Respectfully Submitted,
By his attorney,

Melvin Norris (BBO# 373900)
260 Boston Post Road, Suite 9
Wayland, MA 01778
(508) 358-3305
Fax: (508) 358-7787

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Assistant United States Attorney                    , Federal Courthouse, Boston, Massachusetts on this date by first class mail, postage prepaid.

Date:   March 30, 2004