UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                             CR# 03-10362 PBS

SEAN D. STARK

## DEFENDANT SEAN D. STARK'S MOTION TO DISMISS

Now comes the defendant Sean D. Stark, by court appointed counsel, and requests that this Court dismiss with prejudice the charges against him, as set forth in the above indictment. As reasons therefore, the defendant states the following:

1. The defendant is charged in counts 1 and 2 of an Indictment dated December 3, 2003, and in a Superseding Indictment dated October 13, 2004.

2. Count I is for Conspiracy to Distribute Marijuana and to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846.

3. Count II is for Possession with Intent to Distribute Marijuana (with an aiding and abetting allegation) in violation of 21 U.S.C. § 841(a)(1).

4. Mr. Stark filed a Motion to Suppress Statements and Evidence as a result of the circumstances of his traffic stop in Missouri.

5. This Court allowed the Motion to Suppress on June 24, 2004, after a full evidentiary hearing.

6. The government filed a Notice of Appeal on July 23, 2004, and that appeal was

voluntarily dismissed by the government, with Judgment of the Appeals Court entering on January 10, 2005.

7. The Court of Appeals issued the Mandate dismissing the appeal on January 19, 2005.

## The government has insufficient evidence to support the indictment

8. As a result of this Court's granting of the Motion to Suppress, the government has no evidence of Mr. Stark's possession of marijuana. The statements made by Mr. Stark are likewise suppressed, and therefore there is no evidence to support the allegations of Count II.

9. As a further result of this Court's suppression of evidence, the government can provide no evidence that Mr. Stark was a part of a conspiracy in this matter, and therefore Count I must be dismissed as well as Count II.

## The Speedy Trial Act

7. In this case, the government has failed to comply with the terms of the Speedy Trial Act, as codified at 18 U.S.C. 3161.

8. The government has not commence trial within seventy days of indictment, excluding the permissible delays under the Act.

9. In fact, it has been more than seventy days since the Mandate of the Court of Appeals was entered dismissing the Appeal, and there has been no Excludable Delay in that period.

10. Justice dictates that this motion be allowed.

For the reasons set forth above and in the Affidavit of Melvin Norris attached hereto as Exhibit "A," the defendant moves that this Court Dismiss the Indictment with prejudice.

Respectfully Submitted,
By his attorney,

Date: April 5, 2005

*/s/ Melvin Norris*
Melvin Norris
260 Boston Post Road
Wayland, MA 01778
(508) 358-3305
BBO# 373900

# EXHIBIT A

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                    CR# 03-10362 PBS

SEAN D. STARK

### AFFIDAVIT OF MELVIN NORRIS IN SUPPORT OF SEAN STARK'S MOTION TO DISMISS

Now comes Melvin Norris, Esq., and states the following under oath:

1. I am the Court-Appointed Attorney for Sean Stark.

2. The defendant is charged in counts 1 and 2 of an Indictment dated December 3, 2003, and in a Superseding Indictment dated October 13, 2004.

3. I filed a Motion to Suppress Statements and Evidence on behalf of Mr. Stark as a result of the circumstances of his traffic stop in Missouri.

4. This Court allowed the Motion to Suppress on June 24, 2004, after a full evidentiary hearing.

5. The government filed a Notice of Appeal on July 23, 2004, and that appeal was voluntarily dismissed by the government, with Judgment of the Appeals Court entering on January 10, 2005.

6. The Court of Appeals issued the Mandate dismissing the appeal on January 19, 2005.

7. The government has not commenced trial within seventy days of indictment, excluding the permissible delays under the Act.

8. It has been more than seventy days since the Mandate of the Court of Appeals was entered dismissing the Appeal, and there has been no Excludable Delay in that period.

Signed under the pains and penalties of perjury this 5 day of April, 2005.

*Melvin Norris*