UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 03-CR-10362-PBS |
| V. ) | |
| ) | |
| SEAN D. STARK ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT SEAN D. STARK'S MOTION TO DISMISS AND MOTION TO PRESERVE DRUGS**

**INTRODUCTION**

The United States of America, through its undersigned attorneys, hereby opposes Defendant Sean D. Stark's Motion To Dismiss based on (1) insufficient evidence to support the indictment and (2) violation of the Speedy Trial Act. The Motion should be denied for reasons including the following: (1) the testimony of co-defendants Christopher Sugar and Fabian Ruiz, as well as Stark's two sets of post-arrest statements to DEA agents adequately support the indictment; and (2) the defendant has not entered a plea of not guilty on the superseding indictment so the Speedy Trial Act clock has not begun to run. Thus, defendant Stark's Motion to Dismiss should be denied.

**FACTS**

On the afternoon of October 22, 2003, Deputy Sheriff Carmello Crivello stopped defendants Sean D. Stark ("Stark") and Christopher R. Sugar ("Sugar") who were traveling in a Recreational Vehicle ("RV") along highway I-44 in Phelps County,

1

Missouri.  The facts are more fully described in the Court's June 24, 2004, memorandum and order.  Deputy Crivello followed the RV for approximately 1/2 mile during which time he observed the RV cross over into the right shoulder at least one time.  Deputy Crivello then initiated a traffic stop on the RV.  Crivello was suspicious that the RV may contain narcotics.  Crivello ran a records check on Stark and Sugar and called in a canine unit.  The records check came back clean.  The RV was registered to Robert L. Ireland in Tucson, Arizona.  The canine unit arrived about ten to fifteen minutes after the clean records check was returned and about twenty minutes after Crivello initially stopped the RV.  The canine alerted and 376.9 pounds of marijuana was found in the closet of the RV.

On October 22, 2003, Special Agent Leslee Tate in Missouri read Stark and Sugar their Miranda Rights and the two signed Statement of Rights Forms, waiving their Miranda Rights.  The two agreed to cooperate and conduct a controlled delivery to the intended recipients in Massachusetts.  Stark made consensually recorded conversations to the recipient in Massachusetts.

Two days later, on October 24, 2003, Stark and Sugar, accompanied by law enforcement, arrived in Massachusetts with the RV and marijuana.  Special Agent David O'Neill in Massachusetts again read Stark and Sugar their Miranda Rights.  Both Stark and

Sugar again admitted that they had been transporting the marijuana in the RV through Missouri to Massachusetts and were to be paid.  The two agreed to continue their cooperation.  They conducted a controlled delivery of the marijuana to defendants Trevor Teague, Fabian Ruiz, and Anibal Torres.  The three were subsequently arrested.

On April 2, 2004, the defendant filed a motion to suppress the marijuana discovered during the traffic stop.  This Court granted the motion to suppress the marijuana on June 24, 2004.  However, Stark's suppression motion failed to address the subsequent statements Sugar and Stark made to DEA agents Leslee Tate and David O'Neil days later.  The government contends that these statements are not fruit of the poisonous tree, as these events are so attenuated that the taint from the initial traffic stop is purged.

**ARGUMENT**

**A.  The Government Has Sufficient Evidence to Support the Indictment Based on the Defendants' Statements**

The government has immunized Christopher Sugar who testified in the previous trial against co-defendants Trevor Teague and Fabian Ruiz.  The government intends to call Christopher Sugar in the trial against Sean Stark.  This testimony along with that of co-defendant Fabian Ruiz (who testified at the last trial as

well) is sufficient evidence to support the indictment against Sean Stark.

Morever, on April 2, 2004, Stark filed a motion to suppress the marijuana discovered during the traffic stop. This court granted the motion to suppress the marijuana on June 24, 2004. However, Stark's suppression motion failed to address the subsequent statements Sugar and Stark made to Special Agent Leslee Tate in Missouri on October 22, 2003, or the statements made to Special Agent David O'Neill in Massachusetts on October 24, 2003. The government contends that these statements are not fruit of the poisonous tree, as these events are so attenuated that the taint is purged.

The attenuation doctrine provides that any tainted or poisoned evidence obtained as a result of an illegal search or seizure, "fruit of the poisonous tree", is freed of the taint when the causal chain has been sufficiently attenuated from the primary illegality by some intervening circumstances. Thus, even though the Court suppressed the marijuana discovered in the defendants' vehicle, the voluntary statements of Stark and Sugar made to law enforcement on October 22nd and again on October 24th were sufficiently attenuated such that no taint remained. See United States v. Monti, 557 F.2d 899 (1st Cir. 1997) (holding if any taint attached to defendant's statements, it was fully

dissipated by the intervening time interval); see also United States v. Johnson, 121 F.3d 1141. 1143-1144 (8th Cir. 1997) (holding that although "very little time" passed between the illegal arrest and the confession, that defendant was read rights, had a waiver form signed, and attorney presence such that connection to illegal detention was severed); United States v. Bradley, 922 F.2d 1290, 1296 (6th Cir. 1991) (overruled on other grounds) (holding evidence found in search of defendant's house two days after unlawful arrest of defendant in his home was not suppressible because taint of illegal arrest had sufficiently dissipated); United States v. Seidman, 156 F.3d. 542, 549-50 (4th Cir. 1998) (holding initial taint of alleged illegal entry was purged although very little time elapsed, because defendant consented to conversation and voluntarily closed door of apartment); United States v. Ayres, 725 F.2d 806, 809-11 (1st Cir. 1984) (holding statements later made at the police station after being read Miranda warnings were admissible because of sufficient attenuation from initially illegally obtained statements).

After having received the Miranda warnings in Missouri and then two days later in Massachusetts, Stark and Sugar voluntarily admitted to transporting the marijuana in the RV and agreed to conduct the controlled delivery to Teague and the others in Massachusetts. This is a huge lapse in time between the initial

5

seizure and the controlled delivery.  Moreover, Stark and Sugar's statements and actions were completely voluntary, such that any initial taint of the search of the RV has been purged.  These statements and the co-defendants testimony provide the government with sufficient evidence to support both counts of the indictment, and thus the defendant's motion to dismiss should be denied.

**B.   The Defendant's Right to a Speedy Trial was not Violated Under the Speedy Trial Act or the Sixth Amendment**

The defendant's motion to dismiss the indictment against him based on a violation of the Speedy Trial Act (STA) for failure to commence trial within seventy days of indictment fails under the plain language of the act.  "The plain meaning of the language of the STA requires a not guilty plea to begin the clock running." United States v. O'Dell, 154 F.3d 358, 360 (6th Cir. 1998); see also United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995); United States v. Nixon, 779 F.2d 126, 129-30 (2d Cir. 1985). 18 U.S.C Section 3161(c)(1) states as follows:

> [i]n any case in which <u>a plea of not guilty is entered</u>, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161 (c)(1) (emphasis added).

Because the defendant was never arraigned (by his choice)[1] and never entered a not guilty plea, the STA was never triggered and its clock has not begun to run.

In United States v. Tootle, 65 F.3d at 383, the Court found that because the defendant had not entered a plea of not guilty, the seventy-day period contained in section 3161(c)(1) was inapplicable.  In United States v. Nixon, 779 F.2d at 130, the Court similarly held that the STA "expressly applies only to cases in which pleas of not guilty have been entered".  In Nixon, the defendant did not enter a plea in his first appearance before the court, but plead not guilty in his second appearance.  The court held that the STA clock did not start until the second appearance when defendant entered a plea of not guilty.  Id. at 130.

---

[1] In fact, Stark has not been arraigned on the superseding indictment yet, as per his own request.  The arraignment had originally been scheduled back in December 2004, but he and Sugar filed a joint motion on December 8, 2004 requesting a stay on proceedings "including arraignments on superseding indictments" until resolution of the Government's Appeal.  The government did voluntarily dismiss its appeal and this mandate was entered on January 19, 2005.  However, the case was transferred to Judge Young for trial on January 20, 2005, which resulted in the conviction of co-defendants Teague and Ruiz.  The case was not reassigned back to this Honorable Court until March 30, 2005.  Defendant Stark has had full notice of the superseding indictment since it was issued and opportunity to be arraigned, and thus, has suffered no prejudice.  Stark choose not to be arraigned earlier, presumably because he is out on bail, living in Arizona.

Since Stark did not enter a plea of not guilty on the superseding indictment, the Speedy Trial Act clock has not begun to run.  Therefore, Stark's motion to dismiss based on a Speedy Trial Act violation should be denied.

## MOTION TO PRESERVE DRUGS

Although the Court granted Stark's motion to suppress the marijuana in this case, the government respectfully requests an order to preserve the drugs until this case has been fully adjudicated, including any appeal by co-defendant Trevor Teague or Fabian Ruiz, who were convicted in the trial before Judge Young in which the weight of the drugs was a heavily contested issue.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss should be denied.

Dated: April 18, 2005

                                        Respectfully Submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                               By:  */s/ Cynthia W. Lie*

                                        CYNTHIA W. LIE
                                        ASSISTANT U.S. ATTORNEY