UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA  )
                          )     CRIMINAL NO. 03-CR-10362-PBS
V.                        )
                          )
SEAN D. STARK             )
```

### MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF PUBLIC AUTHORITY DEFENSE

Defendant provided a Notice of Public Authority Defense pursuant to FRCP 12.3, without providing any explanation of how defendant Stark could possible invoke this defense to crimes Stark committed before he began to cooperate with law enforcement or had any contact with them whatsoever.  Under a public authority defense, "the defendant seeks exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in [illegal] covert activity."  United States v. Hilton, 2000 U.S. Dist. LEXIS 9220 (D. Mass 2000)(citing United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n. 18 (11th Cir. 1994)).

Prior to and on October 22, 2003, when defendant Stark was driving 376 pounds of marijuana from Arizona to Massachusetts (the criminal activity for which Stark is charged), he was stopped during a routine traffic by the Phelps County Sheriff's Department with the marijuana.  At that point in time, Stark was not working with the government in any capacity.  Stark had not yet even met Drug Enforcement Agency (DEA) Special Agents Robert

Hanson, Leslie Tate, David O'Neill, or Michael McCormack.  It was not until after this traffic stop that Stark agreed to cooperate with the government.  It was not until after the Phelps County Sheriff's Department called DEA in St. Louis who later in turn called DEA in Boston did Stark even meet these agents through which Stark now asserts the public authority defense.  That Stark made post-arrest admissions to these agents and later cooperated in conducting a controlled delivery to implicate co-defendants Ruiz, Teague, and Torres, has nothing to do with Stark's initial transport of marijuana and conspiracy with the co-defendants to transport this marijuana from Arizona to Massachusetts-- before he was caught by law enforcement and agreed to cooperate with them.

For the foregoing reasons, any evidence of a public authority defense should properly be precluded from trial.

Dated: August 15, 2005

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  */s/ Cynthia W. Lie*

CYNTHIA W. LIE

Assistant U.S. Attorney