FILED
In Open Court
USDC, Mass
Date 5-10-05
By

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )    CRIMINAL NO. 03-CR-10362-PBS
V.                       )
                         )
SEAN D. STARK            )

**MOTION FOR LEAVE TO FILE RESPONSE TO THE DEFENDANT SEAN STARK'S RESPONSE AND GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT SEAN D. STARK'S MOTION TO DISMISS**

**INTRODUCTION**

The government requests leave to file a supplemental opposition, as the defendant's 10 page response raises numerous arguments and voluminous caselaw not set forth in the defendant's initial two and a half page Motion to Dismiss that was devoid of any caselaw.

Defendant describes the government's argument that the statements of Sugar and Stark were sufficiently attenuated from the initial illegal stop to purge the taint as a "novel theory". Def. Response, p. 3, contrary to the attenuation doctrine, as set forth comprehensively by the two Supreme Court cases Wong Sun v. United States, 371 U.S. 471 (1963) and Brown v. Illinois, 422 U.S. 590 (1975). Moreover, the defendant incorrectly and falsely cites Brown for the holding that "the Miranda warning does not cure the taint from an illegal seizure." Def. Response, p. 7. The Court in fact held to the contrary stating: "We decide only that the Illinois courts were in error in assuming that the Miranda warnings, by themselves, under Wong Sun always purge the

taint of an illegal arrest." Brown, 422 U.S. at 605. Brown clearly holds that statements made, even ones that would not have inevitably been discovered or made, can be purged of the taint based on the facts of the case:

> "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint'. . . "[d]espite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons."

Id. At 597-600 (citations omitted).

> It is entirely possible, of course, as the State here argues, that persons arrested illegally frequently may decide to confess, as an act of free will unaffected by the initial illegality. . . the question of whether a confession is the product of a free will under Wong Sun must be answered on the facts of each case. . . The temporal proximity of the arrest and the confession, the presences of intervening circumstances. . . and, particularly, the purpose and flagrancy of the official misconduct.

Id. At 603-4.

In the instant case, there was a two day lapse between the initial illegal stop and Stark's confessed statements to Agent Dave O'Neil. Moreover, the initial stop was not the product of any wanton purpose by the police, as determined by the District Court. Therefore, under the caselaw set forth in the

government's initial opposition and <u>Wong Sun</u> and <u>Brown</u>, Stark's statements were voluntary and purged of the initial taint. Thus, the statements are admissible.

**Speedy Trial**

Defendant cites only two cases in support of its Speedy Trial Violation argument, neither of which is on point. <u>United States v. Rojas-Contreras</u>, 474 U.S. 231 (1985) does not even have to do with the Speedy Trial Act provision defendant alleges was violated, 18 U.S.C. Section 3161(c)(1), the 70 day clock. <u>Rojas</u> applies only to 3161(c)(2), the Speedy Trial provision that prohibits a commencement of a trial less than 30 days after arraignment on an indictment.

Defendant also disingenuously attempts to set forth the following <u>Rojas</u> concurrence as applicable to this case: "The provisions demonstrate, however, that the 30-day and 70-day periods were intended to operate in tandem; where one runs anew, so should the other. . . both the 30-day and 70-day periods continue to run from the first indictment." Def. Response, p. 8. However, the opinion immediately followed by stating "Neither of these reindictment provisions applies here, because the second indictment was issued in the absence of dismissal of the first." So is the case here. The first indictment was never dismissed so neither of defendant's contentions applies. 474 U.S. 239.

Defendant vaguely cites to Santiago-Becerril, and it is unclear how this case supports his position.

Moreover, numerous exclusions based on co-defendant motions and government motions exclude time under the Speedy Trial clock, which defendant has failed to address. In any case, any purported Speedy Trial violation would be harmless as the defendant had full notice of the charges, he is out on bail, and any such violation was created by defendant's motion to postpone the arraignment in the first place.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Suppress Dismiss should be denied.

Dated: May 10, 2005

Respectfully Submitted,

MICHAEL J. SULLIVAN

United States Attorney

By: /s/ Cynthia W. Lie

CYNTHIA W. LIE
ASSISTANT U.S. ATTORNEY

I hereby certify that the above document was served on party appearing pro se and the attorney of record for each other party by mail.

5/10/05