```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                              )
UNITED STATES OF AMERICA      )
                              )     Criminal No.
                              )
                              )     03-CR-10362  (RGS)
          V.                  )
                              )
SEAN STARK,                   )
                              )
          Defendant.          )
```

### UNITED STATES MOTION IN LIMINE

The United States of America hereby files this Motion in Limine to admit certain evidence in the upcoming December 12, 2005 trial.  As the Court is aware, on October 24, 2004, the Court granted Stark's motion to suppress the marijuana seized by the Phelps County Sheriff's Office in its October 22, 2003, traffic stop.  On July 19, 2005, the Court denied in part Stark's motion to suppress post-arrest statements, specifically denying the motion as to Stark's post-arrest statements made in Massachusetts on October 24, 2003.  Against this backdrop, the government seeks a ruling in advance of trial to admit the following evidence:

> (A) evidence of the conspiracy prior to this traffic stop, including that Stark agreed to transport marijuana from Massachusetts to Arizona, that co-conspirator Fabian Ruiz ("Ruiz") would pay him for the transport, that Ruiz loaded the marijuana into the RV in Arizona and planned to meet Stark and co-conspirator Anibal Torres ("Torres") in Massachusetts for the delivery if Ruiz could, and that Sugar

1

and Stark drove the RV out of Arizona;

(B) evidence of events after Sugar and Stark arrived in Massachusetts on October 24, 2004, including that there was a controlled delivery in which Sugar and Stark met up with Torres, Ruiz, and Trevor Teague and began unloading marijuana from the RV; and

(C) brief testimony concerning past drug deals Stark conducted with Ruiz and Stark to demonstrate the relationship the co-conspirators had and to show Stark's intent and knowledge in the instant conspiracy.

**A. Evidence of the Conspiracy Prior to the Traffic Stop**

The testimony of events leading up to the traffic stop is admissible because it precedes the tainted traffic stop from which the drugs were suppressed.  Moreover, it is direct evidence of Stark's participation in the conspiracy.  The testimony by Sugar, Torres, and Sugar is also admissible because it is co-conspirator statements made during the course of and in furtherance of the conspiracy under FRE 801(d)(2)(E).  The government does <u>not</u> intend to refer to the subsequent traffic stop and search.

**B. Evidence of Events After Arrival in Massachusetts**

The testimony of events after Sugar and Stark arrived in Massachusetts, including the controlled delivery, is admissible "'to complete the story of the crime on trial by proving its immediate context of happenings near in time and place", as well as to properly provide "proof of intent." <u>United States v. Dworken</u>, 855 F.2d 12, 16&27 (1st Cir. 1988); <u>See</u> <u>United States v.</u>

2

Currier, 821 F.2d 52, 55 (1st Cir. 1987); See also United States v. Sabetta, 373 F.3d 75, 83 (1st Cir. 2004). The execution of the plan made during the conspiracy is also admissible as direct evidence of the crime. See Dworken, 855 F.2d at 16, n.3

Morever, testimony concerning the controlled delivery is necessary to prevent undue confusion to the jury. Since the government cannot discuss the illegal traffic stop, which is how Stark and Sugar agreed to go to Massachusetts and met with law enforcement in Massachusetts, testimony about the controlled delivery of the marijuana is necessary to provide crucial context to the drug conspiracy and to prevent general confusion as to why Sugar and Stark were even in Massachusetts and came to make post-arrest statements to agents there. Thus, the probative value of the evidence outweighs any prejudice under FRE 403. See United States v. Taylor, 284 F.3d 95, 101 (1st Cir. 2002); see also United States v. Cruz, 2000 U.S. Dist. LEXIS 12255, **32-33 (D. Maine) (holding the assault in which the defendant held the shotgun to another's head after both had consumed illegal drugs was "closely intertwined" with the charged offense of possession of the shotgun while a user of a controlled substance, "providing both significant contextual material and proof that the defendant possessed the gun.").

**C. Evidence of Prior Relationship and Intent**

Lastly, the government seeks to admit evidence of the

circumstances by which defendants Anibal Torres and Fabian Ruiz had a relationship with Stark prior to the conspiracy period. The government anticipates testimony that Stark drove marijuana cross country for Ruiz and delivered the marijuana to Torres: twice in 2000/2001, twice in 2002, and twice in 2003. The government does <u>not</u> intend to introduce any details of these past drug transactions. The government intends to merely provide evidence that Torres had a prior relationship with Stark such that Torres recognized him and knew him. <u>See</u> <u>United States v. Dworken</u>, 855 F.2d 12, 27-28 (1st Cir. 1988); <u>see</u> <u>also</u> <u>United States v. Currier</u>, 821 F.2d 52, 55 (1st Cir. 1987).

In addition, this evidence is necessary to show Stark's intent and knowledge during the conspiracy period. In particular, this evidence will serve to counter defense arguments that Stark was merely doing his brother-in-law Ruiz a favor and did not know anything about the drug trafficking conspiracy. <u>See</u> <u>Dworken</u>, 855 F.2d at 27-28. Thus, the probative value outweighs the prejudice under FRE 403.

For these and other reasons the Court may deem appropriate, the government respectfully requests that this <u>Motion in Limine</u> be allowed.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                                  By:  /s/ Cynthia W. Lie

                                  CYNTHIA W. LIE
                                  JENNIFER ZACKS
                                  Assistant U.S. Attorneys

Dated: November 4, 2005