UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES OF AMERICA      )
                              )    Criminal No.
                              )
                              )    03-CR-10362  (RGS)
        V.                    )
                              )
SEAN STARK,                   )
            Defendant.        )
```

## UNITED STATES REPLY TO SEAN STARK'S OPPOSITION TO MOTION IN LIMINE

The United States of America hereby files this Reply to Sean Stark's Opposition to the United States <u>Motion</u> <u>in</u> <u>Limine</u> and Stark's Request for Hearing.

**A.   STARK'S BELATED ATTEMPTS TO RE-ARGUE ADJUDICATED ISSUES SHOULD BE DENIED**

Stark's belated attempts to re-argue the adjudicated issue of suppressing Stark's post-arrest statements to law enforcement after he arrived in Massachusetts on October 24, 2003, should be denied.  The Court held a full evidentiary hearing on whether to suppress these statements in July 2005.  On July 19, 2005, the Court issued an opinion holding that the October 24th statements were admissible:

> Although a tainted confession serves to forever "let the cat out of the bag," subsequent confessions should not be automatically suppressed....I do find... that the statements of October 24, 2002 were voluntary and that intervening events purged the taint with respect

> to all statements and activities on October 24, 2002[1].
> While he did not have (or request) counsel, Stark had been given Miranda warnings four times.  The statements were made two days after the arrest, the defendant was rested, fed and de-cuffed.  A new officer was involved in a different location.  In particular, his proactive participation in the investigation indicates voluntariness.  Moreover, the initial search and seizure was not an egregious violation of the Fourth Amendment.  Accordingly, the taint has been purged with respect to the statements made on October 24, 2002.

Mem. and Order, July 19, 2005, p. 6&7.

If Stark wished to re-argue this issue, he should have moved for reconsideration at the time.  This time has long passed.  Stark's citation of <u>Missouri v. Seibert</u>, which he himself admits is not on point in his opposition brief (p. 6 footnote 2), is of no consequence, particularly since the Court made a finding that Stark's cooperation was "proactive."  Thus, Stark's attempts to renew this issue on the eve of trial should be denied.

**B.    STARK'S POST ARREST STATEMENTS AND OTHER INDEPENDENT EVIDENCE DEMONSTRATES A CONSPIRACY SUFFICIENT TO ADMIT CO-CONSPIRATOR STATEMENTS UNDER FRE 801(d)(2)(E)**

Stark's assertion that "[t]he only evidence of conspiracy is the testimony of coconspirators where the drugs were suppressed," is simply false and misleading.  Def. Opp. p. 2.  The October 24th post-arrest statements of Stark are clearly extrinsic evidence of the conspiracy, admissible under FRE 801(d)(2)(A), as admissions against interest.  The statements expected to be

---

[1] It appears that there is a ministerial error in that the year at issue is 2003 and not 2002.

introduced at trial, include the following admissions:

> that Stark was expecting to be paid approximately $10,000 to $20,000 by Fabian Ruiz and was going to give Sugar half the money to transport the marijuana;
>
> that Ruiz instructed Stark to drive to Massachusetts;
>
> that Stark was to call Ruiz on his cell phone (520-360-2538) for further instructions;
>
> that Ruiz would be traveling from Arizona to the Boston area in a black Volkswagen Beetle (AZ Reg. 739 KXV); and
>
> that Ruiz may be traveling with a white male identified as Trevor Teague;

These statements and other evidence the government expects to be introduced at trial, satisfy the "preponderance standard" of FRE 801(d)(2)(E). United States v. Newton, 326 F.3d 253, 250 (1st Cir. 2003). Under United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977), the trial court is "not required to decide the Petrozziello question prior to admitting hearsay statements under Rule 801(d)(2)(E), but may admit the statements provisionally, subject to its final Petrozziello determination at the close of all the evidence." United States v. Capelton, 350 F.3d 231, 241 (1st Cir. 2003) (citation omitted). Furthermore, telephone records demonstrating calls between co-conspirators during the time at issue, agent testimony of the presence of Stark's Volkswagen in Massachusetts (registered in Stark's name in Arizona) on October 24th, and the controlled delivery are additional extrinsic evidence of the conspiracy. See Capelton,

3

350 F.3d at 241 (holding marked bills from crime found on defendant and surveillance of defendant at co-defendant's residence was sufficient extrinsic proof of conspiracy).

For these and other reasons the Court may deem appropriate, the government respectfully requests that the <u>Motion in Limine</u> be allowed.

>                    Respectfully submitted,
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
>                    By:  /s/ Cynthia W. Lie
>
>                    CYNTHIA W. LIE
>                    JENNIFER ZACKS
>                    Assistant U.S. Attorneys

Dated: November 23, 2005