```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                              )
UNITED STATES OF AMERICA      )
                              )    Criminal No.
                              )
                              )    03-CR-10362  (PBS)
        V.                    )
                              )
                              )
SEAN STARK,                   )
                              )
        Defendant.            )
```

UNITED STATES' MEMORANDUM ON DETENTION AND SENTENCING ISSUES

At the hearing on November 29, 2005, the Court requested that the United States submit a memorandum on issues raised in this case relating to detention and sentencing, specifically referring to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The Court's most immediate concern appeared to be whether the defendant, if convicted, would be required to be detained pending sentencing. The answer to the Court's question appears to depend largely on what the jury finds as to drug quantity, as suggested in the verdict form contained in the jury instructions proposed by the United States.

**Legal Background: *Apprendi, Blakely* and *Booker*.** In Apprendi, the Supreme Court held that, in order to comply with the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (2000). In Blakely

-1-

v. Washington, 542 U.S. 296 (2004), the Supreme Court clarified that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303. This holding was reiterated in United States v. Booker, 125 S.Ct. 738, 756 (2005), in which the Supreme Court stated that "we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." As a result, the Court held that a mandatory application of the Sentencing Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are used to enhance a defendant's sentence. However, Booker simultaneously cured this constitutional problem by rendering the Guidelines advisory. See United States v. Perez-Ruiz, 421 F.3d 11, 14-15 (1st Cir. 2005). For purposes of this case, the Apprendi-Blakely-Booker trilogy addresses the Court's questions about sentencing and detention.

**Sentencing**: As a general matter, the quantity of drugs for which the defendant can be held responsible is an issue to be decided by the Court at sentencing, since, as the First Circuit has recently clarified, the sentencing court, post-Booker, may determine drug quantity for purposes of sentence enhancements under

the Guidelines. See <u>United States v. Yeje-Cabrera</u>, 2005 WL 2868315, *17 (1st Cir., Nov. 2, 2005). However, <u>Apprendi</u> survives to the extent that the jury's findings (or facts admitted to by the defendant) govern the maximum sentence that may be imposed.

For that reason, in this case, the United States has proposed jury instructions that include a verdict form asking the jury, if it finds the defendant guilty, to make a determination as to whether or not the conspiracy involved less than 50 kilograms of marijuana. If the jury concludes that the conspiracy involved less than 50 kilograms, under 21 U.S.C. §841(b)(1)(D) the maximum sentence the defendant could receive would be five years' imprisonment. If the jury concludes that the conspiracy involved 50 kilograms or more, under 21 U.S.C. §841(b)(1)(C) the maximum sentence would be 20 years' imprisonment.

**Detention Pending Sentencing**. Because of the way that the detention statutes are written, the sentencing issues discussed above are directly relevant to the issue of detention pending sentencing. 18 U.S.C. §3143(a) governs release or detention of a defendant pending sentence. The first subsection of §3143 provides:

> Release or detention pending sentence. The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds

> by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

However, under the following subsection, 18 U.S.C. §3143(a)(2), a different rule regarding detention pending sentence applies to a defendant who has been found guilty of certain offenses, including a drug offense for which there is a maximum term of imprisonment of ten years or more. 18 U.S.C. §1343(a)(2) provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B) or (C) or subsection (f)(1) of section 3142 [which includes a drug offense for which the maximum term of imprisonment is ten years or more] and is awaiting imposition of sentence shall be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Parsing these two subsections, if the jury finds the quantity of drugs involved in the conspiracy was under 50 kilograms, the maximum sentence would be five years, so that §3143(a) would apply. However, if the jury finds that the drug quantity was 50 kilograms or more, triggering a maximum sentence of 10 years, §3143(a)(2)

would apply.

**If §3143(a) applies**.  If §3143(a) applies there are two alternatives to be considered.  First, detention would not be required if "the applicable guideline . . . does not recommend a term of imprisonment."  The question would be what constitutes the "applicable guideline."  For the two lowest quantities of marijuana listed in the drug quantity table in USSG §2D1.1 (less than 250 grams and at least 250 grams, but less than one kilogram), the base offense level would be 6 or 8.  Assuming that the defendant falls into criminal history category I, the applicable sentencing range at either level 6 or 8 would be 0-6 months.  In that case, the Guidelines would arguably not "recommend" a term of imprisonment and detention would not be required.  However, if the Court were to conclude, based on the evidence presented at trial, that it would be inclined to attribute to the defendant a quantity of marijuana greater than one kilogram to the defendant, the Guidelines would recommend a term of imprisonment and the defendant would not be entitled to release under this provision only "if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  Although this defendant has been on pretrial release, presumably the Court would have discretion to conclude – and the United States would argue - that these conditions were not met, especially since the risk of flight rises

substantially after the defendant has been convicted.

**If §3143(a)(2) applies**.  On the other hand, if the jury were to conclude that the offense involved 50 kilograms or more, the maximum penalty would be ten years' imprisonment, implicating §3143(a)(2).  In that case, the defendant would have to be detained unless the court found both that "there is a substantial likelihood that a motion for acquittal or new trial will be granted"[1] and, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community.  Obviously, this standard is a high one, but whether there is a substantial likelihood that the Court will grant a motion for acquittal or new trial is a question that cannot be resolved or analyzed until after the trial has taken place.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                      By:  _/s/ Jennifer Hay Zacks_

                                      CYNTHIA W. LIE
                                      JENNIFER HAY ZACKS
                                      Assistant U.S. Attorneys

Dated: December 2, 2005

---

[1]  Alternatively, under subsection (A)(ii), the defendant would not have to be detained pending sentencing if the government recommends that no sentence of imprisonment be imposed.  Since the government, in the event of a conviction, intends to recommend a term of imprisonment, this provision is not applicable.

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Melvin Norris
        260 Boston Post Road
        Suite 9
        Wayland, MA 01778

This 2nd day of December, 2005.

        */s/Jennifer Hay Zacks*
        Jennifer Hay Zacks
        ASSISTANT UNITED STATES ATTORNEY