UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                              CR# 03-10362 PBS

SEAN D. STARK

## DEFENDANT SEAN STARK'S REQUEST FOR VOIR DIRE OF THE PROSPECTIVE JURORS

The defendant in the above-captioned matter, Sean Stark, hereby requests that this Honorable

Court give the following specific instructions to the jury in addition to its usual general instructions:

## PRELIMINARY INSTRUCTIONS

## REQUESTED INSTRUCTION NO. I.

The defendant, Sean Stark, has pleaded not guilty. Under our system of law, he is presumed

innocent and has no obligation to disprove the charge alleged in the indictment, nor to affirmatively

prove his innocence. He is not required to produce any witnesses in order to establish his innocence,

but rather has an absolute right to insist that the government, which has charged him with an offense,

prove that he is guilty of that offense beyond a reasonable doubt.

It is a cardinal principle of our system of justice that every person accused of a crime is

presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.

The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to

1

require the acquittal of a defendant. The defendant before you, Sean Stark, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Sean Stark is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Sean Stark. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Sean Stark has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Sean Stark's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Sean Stark's guilt of a particular crime, you should vote to convict him.

## REQUESTED INSTRUCTION NO. 2

### (Parties and Lawyers)

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by assistant United States attorneys Cynthia W. Lie and Jennifer Hay Zacks. The defendant, Sean Stark, is represented by his lawyers, Melvin Norris and Richard Farrell.

2

Sean Stark has been charged by the government with violation of a federal law. The charge against Sean Stark is contained in the indictment. The indictment is simply the description of the charge against Sean Stark; it is not evidence of anything. Sean Stark pleaded not guilty to the charge and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

## REQUESTED INSTRUCTION NO. 3.

### (Conduct of the Jury)

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to

3

pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.  Pattern Instructions 1.07.

## REQUESTED INSTRUCTION NO. 4.

(Evidence, Objections, Rulings, Bench Conferences)

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

4

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

5

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.  Pattern Instruction 1.05.

## REQUESTED INSTRUCTION NO. 5

(Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness' ability to see or hear or know the things the witness testifies to; (2) the quality of the witness' memory; (3) the witness' manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anyhing the witness said or wrote before trial or by any other evidence; and (6) how reasonable the witness' testimony is when considered in the light of other evidence which you believe.  Pattern Instruction No. 1.06.

**FINAL INSTRUCTIONS**

**REQUESTED INSTRUCTION NO. 6**

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.  Devitt and Blackmar, Federal Jury Practice and Instructions, par. 17.01.

7

## REQUESTED INSTRUCTION NO. 7

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt and Blackmar, par. 17.08.

## REQUESTED INSTRUCTION NO. 8

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief.  Devitt and Blackmar, par. 17.21.

## REQUESTED INSTRUCTION NO. 9

If your view of the evidence, or lack of evidence, makes you doubt the defendant's guilt because you have not been persuaded that the government has shown the guilt of the defendant beyond a reasonable doubt, then it is your duty to acquit the defendant.  Holland v. United States,

348 U.S. 121 (1954); United States v. Richardson, 504 F.2d 357 (5th Cir. 1974); United States v.

Turk, 526 F.2d 654 (5th Cir. 1976).


### REQUESTED INSTRUCTION NO. 10

Sean Stark has a constitutional right not to testify and no inference of guilt, or of anything

else, may be drawn from the fact that the defendant did not testify. For any of you to draw such

an inference would be wrong; indeed, it would be a violation of your oath as a juror.


### REQUESTED INSTRUCTION NO. 11

(Government Cooperation)

I want to caution you that you are not to consider as evidence against Mr. Stark any

descriptions of the controlled delivery, or other activities in furtherance of the alleged conspiracy

after his arrival in Massachusetts, because there is evidence that the defendant was working for

and under the control of the government at the time of the deliveries.

### REQUESTED INSTRUCTION NO. 12

(Impeachment by Prior Inconsistent Statement - if applicable)

You have heard evidence that before testifying at this trial, a witness made a statement

concerning the same subject matter as his/her testimony in this trial.  You may consider that

earlier statement to help you decide how much of his testimony to believe.  If you find that the

prior statement was not consistent with the witnesses testimony at this trial, then you should

decide whether that affects the believability of that witnesses testimony at this trial.

### REQUESTED INSTRUCTION NO. 13

(Impeachment of Witness Testimony by Prior Conviction)

You have heard evidence that a witness has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give that witness' testimony.

## REQUESTED INSTRUCTION NO. 14

(Caution as to Cooperating Witness/Accomplice)

You have heard the testimony of Fabian Ruiz, Anibal Torres, Trevor Teague and Christopher Sugar. They:

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against Mr. Stark; and/or

(3) were granted immunity in exchange for their testimony against Mr. Stark.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See *U.S. v. Wright*, 573 F.2d 681, 685 (1st Cir. 1978); *U.S. v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); First Circuit Pattern Instructions.

## REQUESTED INSTRUCTION NO. 15

(Immunized Testimony)

Further, you've heard the testimony of Fabian Ruiz and Christopher Sugar, each of whom has testified under a grant of immunity issued by a court. What this means is that the testimony of those individuals may not be used against them in any subsequent criminal proceeding.* Notwithstanding the fact that an immune person may be prosecuted for perjury, you may be

10

cautioned that an immune witness may have a motive to testify in such a way that is favorable to themselves. *See e.g. United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).

<u>REQUESTED INSTRUCTION NO. 16</u>

(Statements by Defendant)

You have heard evidence that Sean Stark made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether Mr. Stark made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement was given and the circumstances tending to corroborate or contradict the version of events described in the statement to the government. *See U.S. v. Fera*, 616 F.2d 590, 594 (1st Cir. 1980).

THE DEFENDANT RESERVES THE RIGHT TO REQUEST ADDITIONAL INSTRUCTIONS IF APPROPRIATE.

Respectfully submitted,
Sean Stark
By his attorney,

Dated: December 2, 2005                    /s/ MELVIN NORRIS
                                           _____
                                           Melvin Norris
                                           260 Boston Post Road, Suite 9
                                           Wayland, MA 01778
                                           (508) 358-3305
                                           BBO# 373900

11