UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                        CR# 03-10362 PBS

SEAN D. STARK

### DEFENDANT SEAN D. STARK'S SENTENCING MEMORANDUM AND MOTIONS FOR DOWNWARD DEPARTURE

Now comes the defendant Sean D. Stark, by court appointed counsel, and submits this memorandum of fact and law for use of the Court in sentencing the defendant. The defendant further submits this Memorandum as a Motion for Downward Departure.

### FACTUAL BACKGROUND

The defendant, Sean Stark, was convicted by jury of Conspiracy to Distribute Marijuana and to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846, and of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1).

Mr. Stark filed a Motion to Suppress Statements and Evidence as a result of the circumstances of his traffic stop in Missouri, which was allowed on June 24, 2004, after a full evidentiary hearing. The government filed a Notice of Appeal on July 23, 2004, and that appeal was voluntarily dismissed by the government, with Judgment of the Appeals Court entering on January 10, 2005.

This Court granted in part and denied in part Mr. Stark's subsequent Motion to Exclude Statements gathered after the illegal stop. The Court suppressed statements made immediately after the stop and through the next day, but did not suppress any statements made to agent

-1-

O'Neill once Mr. Stark arrived in Boston to cooperate with a controlled delivery.

As a result of this evidence, Mr. Stark was convicted on those counts, and now faces a mandatory minimum sentence of five years and a guideline range of 78 to 97 months.

## ARGUMENT

1.  <u>Mr. Stark should be granted a two point reduction for acceptance of responsibility, since he did not deny responsibility for the actions, and cooperated fully with the government in competing a controlled delivery, which resulted in the arrest and conviction of his brother in law.</u>

    There can be no question that Mr. Stark accepted responsibility for his crimes, where he cooperated with the government over the span of three days in completing a controlled delivery, and repeatedly described the course of conduct and how the deal would be done. He also made efforts to assure that the controlled delivery would be successful, by informing government agents the best way to present the RV during the delivery. This behavior manifested acceptance of responsibility despite his going to trial in this matter. See generally United States v. Gee, 226 F.3d 885 (7th Cir. 2000) (affirming 2 level downward departure for acceptance of responsibility where defendant went to trial).

    The extraordinary cooperation with the government resulted in the arrest of Mr. Stark's brother in law. In actuality, if Mr. Stark had not cooperated with the government, the charges against him would have been dismissed as a result of the granting of the defendant's Motion to Suppress. The actions of the defendant in cooperating and helping the government to arrest three other persons in this matter, when combined with the fact that his cooperation resulted in this

conviction, when taken together show that Mr. Stark should be granted a two point reduction for acceptance of responsibility.

2. <u>Mr. Stark should be granted a two point reduction in his guideline level because he had a minor role in the offense, as he was only transporting the drugs, and was not a part of the purchasing or distribution of the drugs.</u>

Mr. Stark's actual conduct was less serious than that contemplated by the heartland of the guidelines in this matter. The guidelines are based, at least in part, on the distribution of the weight of drugs involved in the conspiracy. Mr. Stark was not involved with the planning of this delivery. He was not involved with the sale of the drugs. He was also not involved with purchasing the drugs from a supplier. While he was not exactly a 'drug mule,' his role in the offense was limited to transporting them across the country.

It is also noteworthy that Mr. Stark did not know the specific amount of the drugs in the vehicle. He was aware that they were located in the closet of the van, and he knew where the key to the closet was, but he only knew approximately how much was inside the closet. He had nothing to do with the price or negotiation for the drugs. This lack of knowledge makes him considerably less culpable than other defendants in this conspiracy who knew the amount of drugs in question. <u>See generally United States v. Mendoza</u>, 121 F.3d 510 (9th Cir. 1997) (district court could depart where defendant had no knowledge of the amount of the drugs).

3. <u>Mr. Stark should be found by this Court to have granted substantial assistance to law enforcement, and should be sentenced accordingly, including being sentenced below the mandatory minimum in this case. The defendant moves that this Court depart downward</u>

<u>under the provisions of U.S.S.G. § 5K1.1 as a result of the government's bad faith refusal to move for a § 5K1.1 departure.</u>

A court may depart downward where the government declines to make a motion under U.S.S.G. § 5K1.1. <u>See United States v. Khoury</u>, 62 F.3d 1138 (9th Cir. 1995); <u>United States v. Paramo</u>, 998 F.2d 1212 (3d Cir. 1993) (court may consider whether government's refusal to make § 5K1.1 motion was pretextual). The Court may consider the amount of the defendant's cooperation on an individualized basis and depart downward as appropriate. <u>United States v. King</u>, 53 F.3d 589, 590-92 (3d Cir. 1995).

The court may also construe the behavior of the defendant as substantial assistance, and construe his actions as the basis for a § 5K1.1 motion, thus departing below the statutory minimum. <u>See e.g. United States v. Paramo</u>, 998 F.2d 1212 (3d Cir. 1993). The defendant acknowledges that there is generally no authority to depart without government motion,[1] the defendant submits that the government's failure to file a § 5K1.1 motion in this case is due to bad faith or an irrational motive, and therefore the court should depart under § 5K1.1. <u>See generally United States v. Rounsavall</u>, 128 F.3d 665 (8th Cir. 1997); <u>United States v. Pipes</u>, 125 F.3d 638, 641-42 (8th Cir. 1997), <u>cert. denied sub. nom.</u>, <u>Waldrip v. United States</u>, 523 U.S. 1012 (1998) (where the court should have determined whether the prosecutor's failure to file motion was irrational where the defendant "cooperated with the government and that this cooperation ... contributed to the government's case against [other defendants]).

The behavior of the government in declining to file a § 5K1.1 motion in this matter is

---

[1]The defendant specifically notes that the First Circuit has held there is no authority to depart. However, this case is different due to the fact that there is bad faith or an irrational motive on the part of the government in refusing to file a § 5K1.1 motion.

both irrational and vindictive. If it were not for the cooperation of Mr. Stark, the government could not have made cases against Fabian Ruiz, Trevor Teague, and Anibal Torres. This cooperation allowed the government to disrupt a significant conspiracy. Mr. Stark fully cooperated, and was only prosecuted by the results of his own cooperation, where the only evidence in his trial was based upon his substantial assistance to authorities and his statements made to agents in accomplishing the controlled delivery.

4. <u>The defendant moves that this Court depart downward because of the totality of the circumstances in the case.</u>

The substantial assistance of Mr. Stark is a factor which the Court should consider in departing downward from the guidelines, even where the government has not moved for a departure under U.S.S.G. § 5K1.1. <u>See e.g.</u> <u>U.S. v. Collins</u>, 26 Fed.Appx. 704 (9th Cir. 2002) (unpublished); <u>contra</u> <u>U.S. v. Cruz-Mercado</u>, 360 F.3d 30 (1st Cir. 2004).[2] Furthermore, Mr. Stark freely and voluntarily disclosed all information regarding this transaction to government agents, despite the fact that it resulted in his brother in law being arrested and imprisoned.[3] Mr. Stark admitted fully his involvement with the deal, and there was little if anything more he could have done to accept responsibility and assist the government. His reward, in this case, is a

---

[2] While the <u>Cruz-Mercado</u> rule is binding on this court, it is the position of the defendant that the holding should be overruled. Furthermore, where the guidelines are now advisory under <u>Booker</u>, the court certainly may consider the assistance of Mr. Stark when determining whether a guidelines sentence is reasonable under 18 U.S.C. § 3553(a).

[3] It is the position of the defendant that he ought to be granted credit for the safety valve, because he testified truthfully to his role in the offense at the Motion to Suppress, and he disclosed all information about the drug transactions to federal agents during the process of the controlled delivery.

guideline range similar to the person who was actually involved in procuring, selling, and profiting from the drug sales.

5. <u>This Court should rule that Mr. Stark is entitled to a Safety Valve reduction under the Sentencing Guidelines and sentence him without regard to the minimum mandatory statutory sentence</u>.

Under the terms of U.S.S.G. § 5C1.2 (the "Safety Valve"), the court may determine that the minimum mandatory does not apply if all the conditions have been met. The defendant has met all criteria of the safety valve, and therefore he should be given a two point reduction in the guideline range and sentenced without regard to the statutory minimum.

Under the 5 provisions of the safety valve, the defendant (1) has no criminal history, (2) did not use violence[4] in connection with the offense, (3) there was no death or bodily injury, (4) and was not an organizer, leader, manager or supervisor. With regard to the fifth factor, the defendant maintains that he "has truthfully provided to the Government all information and evidence the defendant has concerning the offense..."

At the time of his assistance to the government and arranging for the controlled delivery, Mr. Stark made two separate statements to government agents which were complete statements of the crime. The statements were so detailed and accurate that they allowed the government to complete a controlled delivery and arrest the principals in the conspiracy, including Mr. Stark's brother in law. Subsequently, Mr. Stark testified before this Court at the Motion to Suppress

---

[4]There was a gun in the RV at the time of Mr. Stark's arrest, but it was unrelated to the drug conspiracy, and he was not charged for possession of the firearm.

restating his relationship to the enterprise. As a result, Mr. Stark has truthfully provided the government all information he had about the scheme, and should be granted the safety valve departure.

Mr. Stark clearly qualifies for the safety valve departure. It is worth noting that there is no requirement of which government agent the information needs to be given to. See U.S. v. Real-Hernandez, 90 F.3d 356 (9th Cir. 1996). Nor is there a requirement that Mr. Stark be eligible for a downward adjustment for acceptance of responsibility. See U.S. v. Webb, 110 F.3d 444 (7th Cir. 1997).

6.     The Court should sentence Mr. Stark in accordance with 18 U.S.C. § 3553(a).

Under the provisions of 18 U.S.C. § 3553(a), this court has the authority to sentence Mr. Stark indeterminately. The provisions of that statute call for a term of imprisonment not more than necessary to achieve the goals of sentencing. In this case, after applying the safety valve, the court should find that a sentence under five years is appropriate in this case. The defendant's circumstances, including his cooperation with the government, mitigate against a lengthy guideline sentence in this matter.

The defendant maintains that if the court rules in his favor on the foregoing guideline calculations, before departures, his final offense level should be 19.[5] Under these calculations, the guideline imprisonment range would be 30-37 months.

If the court then considers the assistance given by Mr. Stark, and the fact that he led the

---

[5] Where the defendant maintains that the firearm was not possessed in connection with the drugs, the defendant opposes that increase. Thereafter, the level 26 would be reduced by three for acceptance of responsibility, two for the role in the offense, and two more for the safety valve departure.

government to three other persons (one of whom was a career offender) they would not have otherwise been able to prosecute, the court should determine that the 30-37 month range remains too high, and that his sentence should be further reduced.

The holding of United States v. Booker is that this Court is not bound by the provisions of the Sentencing Guidelines when sentencing Mr. Stark. Therefore, the Court may use the provisions of 18 U.S.C. § 3553(a) in crafting the sentence, and must consider the following factors in fashioning a sentence for the defendant:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentence and the sentencing range established by [the sentencing guidelines];

5. any pertinent policy statement [issued by the Sentencing Commission];

6. the need to avoid unwarranted sentence disparity among defendants who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

Subsequent to the determination of the sentencing guideline range, the Court must go on to weigh the other factors set forth in this statute. This results in discretion vested in this Court to determine the proper and reasonable sentence for Mr. Stark, after taking into account the factors set forth in 18 U.S.C. 3553 (a), including the need for the sentence to be "sufficient, but not greater than necessary, to achieve the [goals of sentencing]."

## SENTENCING FACTORS

*1. The nature and circumstances of the offense and the history and characteristics of the defendant*: This factor has been discussed at length in this memorandum. All of the factors which would support a downward departure comprise the history and characteristics of the defendant.

*2. Then need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide the defendant with needed services*: The defendant has a wife in Arizona, and has served in the United States Army. He does not have a drug abuse problem, and is unlikely to be recidivist given that he has no prior criminal history and will have spent time in prison resulting from this offense.

*3. The kinds of sentences available*: The defendant requests that this Court sentence him to the least reasonable term of imprisonment.

*4 and 5. The Guideline Range and policy statements*: As the defendant argues extensively in this memorandum, the Court should consider the guideline range to be 30 - 37 months.

*6. The need to avoid unwarranted sentence disparity*: In this matter, due to the defendant's request for a downward departure, the defendant maintains that where the

appropriate departure is granted, the low end of the resultant guideline range will accurately reflect the seriousness of the offense and likelihood of recidivism, making his sentence similar to other defendants with similar characteristics. The defendant is most similar to other persons who have provided substantial cooperation, and would normally have had the sentence cut as much as 50%.

    7. *The need to provide restitution*: In this case, there is no victim to provide restitution to.

## CONCLUSION

For the reasons set forth above, the defendant moves that this court sentence him to a period of incarceration less than thirty months, and determine that he is indigent and incapable of paying a fine in this matter.

Respectfully Submitted,
By his attorney,

/s/ MELVIN NORRIS

Date:   March 13, 2006

Melvin Norris
260 Boston Post Road
Wayland, MA 01778
(508) 358-3305
BBO# 373900

-10-

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

      /s/ Melvin Norris
      MELVIN NORRIS